# EXHIBIT A



## COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

KASS, BECKY

V

MOOG INC F/K/A MMC STERILIZATION
SERVICES GROUP INC F/K/A MEDICAL
MANUFACTURING CORP

NO. 2025-11393

### CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Erie County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: BECKY KASS, Pro Se

Self-Represented (Pro Se) Litigant ☐

| | | |
|---|---|---|
| **Class Action Suit** | ☐ Yes | **X** No |
| **MDJ Appeal** | ☐ Yes | **X** No |

**Money Damages Requested** **X**

**<u>Commencement of Action</u>**:

Complaint

**<u>Amount in Controversy</u>**:

More than $50,000

### Case Type and Code

Tort:

Other

**Other:**  CHEMICAL EXPOSURE

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# IN THE COURT OF COMMON PLEAS
## OF ERIE COUNTY

BECKY KASS and )
ARIK QUAM, )
  )
   Plaintiffs, )
  )   CASE NO.:
vs. )
  )   JURY TRIAL DEMANDED
MOOG INC. f/k/a MMC STERILIZATION )
SERVICES GROUP, INC. f/k/a MEDICAL )
MANUFACTURING CORP; )
IUVO BIOSCIENCE-ERIE, LLC; )
ERIE STERILIZATION REAL ESTATE, LLC; )
TARTAN HOLDINGS, LLC; )
PAUL NIEMET; )
JEFFREY DICKSON; )
MARY RICHARDSON; and )
DEFENDANT JOHN DOES 1-5 )
  )
   Defendants. )

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs BECKY KASS and ARIK QUAM, by and through counsel of

record, and hereby state their Complaint for Damages as follows:

1.    This action arises from injuries sustained by Plaintiff BECKY KASS as a proximate

result of exposure to ethylene oxide that was used on, stored on, and emitted from the premises

previously owned by Defendants MOOG, INC., f/k/a MMC STERILIZATION SERVICES

GROUP, INC f/k/a MEDICAL MANUFACTURING CORP., and ERIE STERILIZATION

REAL ESTATE LLC, and used on, stored on, and emitted from the facility operated by Defendants

IUVO BIOSCIENCE-ERIE, LLC, TARTAN HOLDINGS, LLC, and MOOG, INC. f/k/a MMC

STERILIZATION SERVICES GROUP, INC f/k/a MEDICAL MANUFACTURING CORP

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

through their unsafe practices in sterilizing medical equipment. As a proximate result of Defendants' unsafe ethylene oxide emissions, Plaintiff BECKY KASS contracted and was diagnosed with and is suffering from Breast Cancer.

2.      The Court of Common Pleas for Erie County has original jurisdiction over this matter, and this action is not subject to federal jurisdiction or removal to federal court under the provisions of 28 U.S.C. § 1332 because the claims asserted in this action relate to a tort committed in Erie, Pennsylvania, and one or more of the parties in interest properly joined and served as a defendant in this action is a citizen of the state in which the action has been brought. See, 28 U.S.C. § 1441(b).

3.      Venue is proper pursuant to Pa. R. Civ. No. 302(C)(3) because Plaintiffs' claims arose in Erie County, Pennsylvania. Moreover, the Defendants either own, owned, operate and/or operated a sterilization plant in Pennsylvania at 2205 East 33rd Street, Erie, Pennsylvania 16510 from which a hazardous substance or hazardous material has been released into and polluted the environment of Pennsylvania and caused injury to Plaintiff while residing in Pennsylvania, or manufactured or supplied the hazardous substances or hazardous materials that were released from said premises.

## PARTIES

4.      Plaintiffs BECKY KASS and ARIK QUAM are residents and citizens of the state of Pennsylvania.

5.      Plaintiffs BECKY KASS and ARIK QUAM are married.

6.      Defendant MOOG INC. f/k/a MMC MEDICAL STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP. is a foreign business corporation registered to do business in the state of Pennsylvania.

2

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

7.      Defendant MOOG INC. f/k/a MMC MEDICAL STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP. may be served with Summons and Complaint at its registered office: Corporate Creations Network Inc., 1001 State Street #1400, Erie, Pennsylvania 16501.

8.      Defendant MOOG INC. f/k/a MMC MEDICAL STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP. is subject to the jurisdiction of the Erie County Common Pleas Court, and venue is proper as to that Court.

9.      Defendant IUVO BIOSCIENCE-ERIE, LLC is a Pennsylvania limited liability company with a principal place of business in the State of Pennsylvania.

10.      Defendant IUVO BIOSCIENCE-ERIE, LLC may be served with Summons and Complaint at its registered office: 2205 E 33rd St Erie, Erie County, Pennsylvania 16510. Said Defendant may also be served at its headquarters address: 7500 West Henrietta Road, Rush, New York 14543.

11.      Defendant IUVO BIOSCIENCE-ERIE, LLC is subject to the jurisdiction of the Erie County Common Pleas Court, and venue is proper as to that Court.

12.      Defendant ERIE STERILIZATION REAL ESTATE, LLC is a Pennsylvania limited liability company with a principal place of business in the State of Pennsylvania.

13.      Defendant ERIE STERILIZATION REAL ESTATE, LLC may be served with Summons and Complaint through its registered agent, Quinn Law Firm, 2222 West Grandview Boulevard, Erie, Pennsylvania 16506.

14.      Defendant ERIE STERILIZATION REAL ESTATE, LLC is subject to the jurisdiction of the Erie County Common Pleas Court, and venue is proper as to that Court.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

15.     Defendant TARTAN HOLDINGS, LLC is a foreign limited liability company with a principal place of business in the State of New York.

16.     Defendant TARTAN HOLDINGS, LLC may be served with Summons and Complaint at its headquarters address located at 7500 West Henrietta Road, Rush, New York 14543.

17.     Defendant TARTAN HOLDINGS, LLC is subject to the jurisdiction of the Erie County Common Pleas Court, and venue is proper as to that Court.

18.     Defendant PAUL NIEMET is a citizen and resident of the State of Pennsylvania.

19.     Defendant PAUL NIEMET can be personally served with Summons and Complaint at his residence: 4120 Mountain Laurel Dr, Erie, PA 16510-6610.

20.     Defendant PAUL NIEMET is subject to the jurisdiction of the Erie County Common Pleas Court, and venue is proper as to that Court.

21.     Defendant JEFFREY DICKSON is a citizen and resident of the State of Pennsylvania.

22.     Defendant JEFFREY DICKSON can be personally served with Summons and Complaint at his residence: 676 Smithson Ave, Erie, PA 16511-2065.

23.     Defendant JEFFREY DICKSON is subject to the jurisdiction of the Erie County Common Pleas Court, and venue is proper as to that Court.

24.     Defendant MARY RICHARDSON is a citizen and resident of the State of New York.

25.     Defendant MARY RICHARDSON can be personally served with Summons and Complaint at her residence: 34 Chatham Woods, Pittsford, NY 14534-1869.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

26.     Defendant MARY RICHARDSON is subject to the jurisdiction of the Erie County Common Pleas Court, and venue is proper as to that Court.

27.     Defendants JOHN DOES Nos. 1 through 5 are believed to be Pennsylvania or foreign corporations, LLCs, partnerships, associations, adult individuals, or other legal entities that have transacted business in the State of Pennsylvania and are and whose acts, omissions, failures and conduct are responsible for the injuries and damages incurred by Plaintiffs. [1] John Doe Defendants Nos. 1-5 are unidentified persons and/or entities pled under Pa. R. C. P. 2005, whose names, despite reasonable diligence and investigation, are presently unknown. Once the identity and the whereabouts of the John Doe Defendants are established, said Defendant(s) will be served with a copy of summons and complaint as provided by law. Defendants JOHN DOE Nos. 1 through 5 are subject to the jurisdiction and venue of the Erie County Common Pleas Court. Defendants JOHN DOE Nos. 1 through 5 are unidentified persons and/or entities pled under Pa. R. C. P. 2005, whose names, despite reasonable diligence and investigation, are presently unknown and whose acts, omissions, failures and conduct may have caused and/or contributed to the subject incidents and events.

28.     Defendants MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP., TARTAN HOLDINGS, LLC, and IUVO BIOSCIENCE-ERIE, LLC have at various times since at least 1986, operated a facility in Erie, Pennsylvania that sterilizes medical equipment using the chemical Ethylene Oxide ("EtO").  The facility ("the Erie Facility") is located at 2205 East 33rd Street, Erie, Pennsylvania 16510.

---

[1] Plaintiffs expressly state that John Does 1-5 are not Cosmed Group, Inc. or Spicey Partners Real Estate Holdings, LLC or any other named debtor involved in *In re Spicey Partners Real Estate Holdings, LLC, et al.* pending in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-90572.  Plaintiffs assert no claims, causes of action, damages, or other requested relief in this instant action against any Debtor involved in that Chapter 11 bankruptcy. *See* March 6, 2025 Order (ECF. 256), *In re Spicey Partners Real Estate Holdings, LLC, et al.* (Bankr. S.D. Tex. 2024), Case No. 24-90572.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP., TARTAN HOLDINGS, LLC, and IUVO BIOSCIENCE-ERIE, LLC will at times be referred to herein as "STERILIZATION DEFENDANTS."

29.    Upon information and belief, Defendants MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP. TARTAN HOLDINGS, LLC, and ERIE STERILIZATION REAL ESTATE LLC, have at various times, owned the property on which the Erie Facility is located. MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP., TARTAN HOLDINGS, LLC, and ERIE STERILIZATION REAL ESTATE LLC are referred to collectively herein as "LANDLORD DEFENDANTS."

30.    At all times relevant to this Complaint, Defendants PAUL NIEMET, JEFFREY DICKSON[2], and MARY RICHARDSON were high-level supervisors and managers employed by the STERILIZATION DEFENDANTS, in Erie, Pennsylvania. Defendants PAUL NIEMET, JEFFREY DICKSON, and MARY RICHARDSON were each acting in the course and scope of their employment and were agents of the STERILIZATION DEFENDANTS at all times relevant to this Complaint. Defendants PAUL NIEMET, JEFFREY DICKSON, and MARY RICHARDSON were responsible for the operation, management, and/or control of the Erie Facility, including the Facility's handling of EtO. Defendants PAUL NIEMET, JEFFREY

---

[2] Defendant Jeffrey Dickson is being sued solely in his capacity as an employee of a defendant named in this lawsuit and specifically not for actions taken in his employment by any party not named as a defendant in this lawsuit. In other words, Plaintiffs' claims against Defendant Dickson are limited solely to the period where he was an employee of Moog Inc. f/k/a MMC Sterilization Services Group, Inc. f/k/a Medical Manufacturing Corp. *See* March 6, 2025. Order (ECF. 256), *In re Spicey Partners Real Estate Holdings, LLC, et al.* (Bankr. S.D. Tex. 2024), Case No. 24-90572.

6

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

DICKSON, and MARY RICHARDSON will at times be referred to collectively herein as the "FACILITY MANAGERS."

**<u>FACTUAL ALLEGATIONS</u>**

31.    Plaintiff BECKY KASS was diagnosed with Breast Cancer on or around May 12, 2023.

32.    From 1993 through 1994, Plaintiff BECKY KASS resided 3.43 miles northwest of the Erie Facility; from 1994 through 1995, Plaintiff BECKY KASS resided 3.50 miles northwest of the facility; from 1995 through 1996, Plaintiff BECKY KASS resided 3.48 miles northwest of the facility; from 1996 through 1997, Plaintiff BECKY KASS resided 3.43 miles northwest of the facility; and from 1997 through 1998,  Plaintiff BECKY KASS resided 3.34 miles northwest of the facility.

33.    From 1994 through 1998, Plaintiff BECKY KASS worked 3.17 miles west of the Erie Facility.

34.    The toxic EtO emissions were ongoing upon the property and person of Plaintiff BECKY KASS during all relevant times[3] because the Sterilization Defendants named in this Complaint owned and/or operated the medical equipment sterilization facility from at least 1986 until approximately 2015.

35.    Plaintiff BECKY KASS learned of the causal connection between EtO and  its toxic carcinogenic effects—specifically its link to blood cancers, including Breast Cancer, through social media in April of 2025.

---

[3] Plaintiffs define "all relevant times" to mean all times between 1986 and approximately 2015 when Defendants operated, used, leased, or engaged in conduct at the Erie Facility as alleged in Plaintiffs' Complaint.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

36.     Plaintiff BECKY KASS was unaware that she was being subjected to dangerous levels of EtO.

37.     Ethylene Oxide, or EtO, is an odorless and colorless flammable gas at room temperature that is produced in large volumes for industrial uses.

38.     Commercial medical equipment sterilizers use ethylene oxide in their sterilization processes for over 20 billion health care products every year in the United States. The EtO sterilization process begins by placing medical equipment in a gas chamber. After air is pumped out of the chamber, ethylene oxide is introduced and allowed to diffuse into the products for several hours. Once the medical equipment is sterilized, the Ethylene Oxide is pumped out of the chamber and the remaining EtO is allowed to slowly dissipate.

39.     From at least 1986 until approximately 2015, the STERILIZATION DEFENDANTS used EtO in their industrial medical device sterilization processes.[4]

40.     Through their industrial processes, the STERILIZATION DEFENDANTS emitted EtO into the air, allowing it to disburse and be carried by wind and natural air movement throughout the area surrounding the Erie Facility. As such, residents and workers in the area were unknowingly exposed to carcinogenic ethylene oxide for decades.

41.     At all relevant times[5], the STERILIZATION DEFENDANTS knew, or should have known, that EtO is dangerous, toxic, carcinogenic, mutagenic, and the cause of various illnesses. As long-term users and emitters of EtO, Defendants had superior knowledge of and access to information regarding the dangers of EtO than the general public or Plaintiffs BECKY KASS and ARIK QUAM.

---

[4] *See* History, quoting "iuvo was founded in 1978 as Sterilization Testing Services (STS), which provided ethylene oxide sterilization services along with associated ethylene oxide residual analysis, microbiology testing, and in vivo toxicology testing." (https://www.iuvobioscience.com/about/history/ last accessed August 19, 2024).

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial
System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

42.    EtO is highly reactive, readily taken up by the lungs, efficiently absorbed into the blood stream, and easily distributed throughout the human body.

43.    There is no known safe level of cumulative EtO exposure; its carcinogenic and DNA-damaging effects have been widely studied and known since the 1940s and definitively known to Defendants since at least 1985.

44.    Furthermore, in 2016, the EPA presented new data revealing that the risk of cancer is sixty (60) times what was previously understood by the Agency. This risk only increases for children as they are more susceptible to the toxic effects of this carcinogen.

45.    Notwithstanding, for decades Defendants chose to operate their respective businesses such that their EtO was emitted in densely populated areas full of children, houses, parks, schools, and businesses, significantly increasing the risk of cancer for Plaintiff BECKY KASS and the other residents of Erie.

46.    Further, although technologies to control EtO have been available and widely used since the 1980s, the STERILIZATION DEFENDANTS operated the Erie Facility for years without using the best practices and control technologies known to them and available to the sterilization industry as a whole to reduce both its fugitive and point source emissions.

47.    As sophisticated corporations and long-term users, transporters, and emitters of EtO, Defendants had superior knowledge and access to information regarding the dangers of EtO, more so than the general public or Plaintiff BECKY KASS.

48.    While the deleterious properties of EtO are not widely known to the average person not involved in the business of using EtO, the deleterious properties of EtO have been known, or should have been known, to Defendants and anyone in the business of using and emitting EtO as part of a sterilization process, for decades. By way of example:

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

a.  In a 1977 article, the National Institute of Occupational Safety and Health ("NIOSH") concluded that occupational exposure to ethylene oxide may increase the frequency of genetic mutations in humans. The NIOSH report also raised concerns about the potential carcinogenicity of ethylene oxide.

b.  In 1981, NIOSH released a subsequent report which recommended that EtO be regarded in the workplace as a potential occupational carcinogen. The NIOSH based its recommendation on new evidence of EtO's carcinogenic, mutagenic, and reproductive hazards, including studies demonstrating that EtO induced cancer in experimental animals. Specifically, the studies showed an increase in instances of leukemia in line with increases of EtO concentrations, in addition to other adverse effects on reproductive health. An epidemiological investigation of Swedish workers exposed to EtO also revealed increased incidences of leukemia and other cancers.

c.  In 1985, the U.S. Department of Health and Human Services published the Fourth Annual Report on Carcinogens and classified EtO as reasonably anticipated to be a human carcinogen.

d.  In the early 1990s, NIOSH published the largest and most informative epidemiological study of ethylene oxide. The study analyzed over 18,000 employees working with EtO at fourteen different industrial facilities sterilizing medical equipment and food spices. The study found sufficient evidence to support a causal link between exposure to ethylene oxide and increased mortality from lymphatic and hematopoietic cancers. Follow-up studies have additionally demonstrated an association between EtO exposure and breast cancer.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

e.  In 1994, as a result of these findings, the World Health Organization ("WHO") listed EtO as a Group 1 human carcinogen—the agency's highest risk classification—finding ethylene oxide to be carcinogenic to humans.

f.  In 2000, following suit, the U.S. Department of Health and Human Services reclassified EtO to "known to be a human carcinogen."

g.  The U.S. Department of Labor's Occupational Safety and Health Administration's (hereinafter "OSHA") 2002 fact sheet on EtO indicates that "[b]oth human and animal studies show that EtO is a carcinogen" and requires employers to provide clear signs and labels notifying workers of EtO's "carcinogenic and reproductive hazards."[6]

h.  In 2016, the EPA's Integrated Risk Information System similarly reclassified EtO as carcinogenic to humans and increased—by a multiple of thirty—its estimate of EtO's cancer potency.[7]

i.  Ethylene oxide exposure affects the most vulnerable members of the population. The United States Environmental Protection Agency ("U.S. EPA") states that "for a single year of exposure to ethylene oxide, the cancer risk is greater for children than for adults. That is because ethylene oxide can damage DNA."

49.  On August 22, 2018, the EPA released the 2014 National Air Toxic Assessment ("NATA") – a screening tool that estimates cancer risks based on emission data in 76,727 census tracts across the United States.  The 2014 NATA revealed 109 census tracts in the United States

---

[6] https://www.osha.gov/OshDoc/data_General_Facts/ethylene-oxide-factsheet.pdf *accessed 8/17/2020*.
[7] *See* Occupational Safety and Health Administration (OSHA), OSHA Fact Sheet: Ethylene Oxide, https://www.osha.gov/OshDoc/data_General_Facts/ethylene-oxide-factsheet.pdf, (last accessed: February 9, 2024).

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

with cancer risk scores greater than 100 cases per one million people exposed to toxic air pollution during their lifetime, more than what the EPA considers "acceptable" limits.

50.    The EPA "considers any exposure, however small, to a carcinogen to create some cancer risk."

51.    Despite knowing these risks, the STERILIZATION DEFENDANTS' EtO sterilization process did not comply with safe and prudent methods of EtO sterilization.

52.    At all relevant times, the FACILITY MANAGERS were responsible for the operation, management, and/or control of the Facility located in Erie, Pennsylvania, including the Facility's handling of EtO. The factual allegations set forth in ¶¶ 31-52 apply equally to the FACILITY MANAGERS and are realleged as if set forth more fully in this paragraph. The FACILITY MANAGERS knew, or should have known, of the carcinogenic properties of EtO and acted to prevent its emissions. The FACILITY MANAGERS negligently and/or intentionally failed to report or disclose the numerous EtO spills. The FACILITY MANAGERS took steps to prevent the government and the public from gaining knowledge about the extent of EtO emissions.

53.    At all relevant times, the FACILITY MANAGERS were responsible for ascertaining what levels of EtO were emitted into the Erie community by virtue of their knowledge and/or role of employment with the STERILIZATION DEFENDANTS.

54.    At all relevant times and through direct control over the day-to-day Erie Facility policies and procedures, the FACILITY MANAGERS made the conscious decision to release EtO emissions from the Erie Facility into the community, with specific knowledge of the carcinogenic properties of EtO

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

55.    At all relevant times, the FACILITY MANAGERS released EtO emissions from the Erie Facility into the community, with specific knowledge of the carcinogenic properties of EtO.

56.    At all relevant times, the FACILITY MANAGERS made unsafe and negligent operational decisions including, but not limited to, intentionally shortening of EtO de-gassing/aeration/quarantining time.

57.    At all relevant times, Defendants—by way of failure to implement control measures to limit emissions, failure to upgrade sterilization equipment, intentional shortening of EtO de-gassing/aeration/quarantining time, and/or other unsafe practices—subjected Plaintiff BECKY KASS and the Erie, Pennsylvania community to unhealthy and dangerous levels of EtO in order to increase profits and/or cut costs.

## FIRST CAUSE OF ACTION
### (Negligence)

58.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-57 of this Complaint with the same force and effect as if fully set forth herein.

59.    Plaintiff BECKY KASS was exposed to harmful levels of EtO as a proximate result of the acts and omissions of each Defendant, individually and collectively.

60.    As a proximate result of each Defendant's negligent acts and omissions, individually and collectively, Plaintiff BECKY KASS developed and was otherwise diagnosed as suffering from Breast Cancer.

61.    At all relevant times, each Defendant owed a duty to exercise reasonable care in the operation of the Erie Facility, including regulating the emission of EtO.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

62.     At all relevant times, each Defendant knew, or should have known, of the carcinogenic properties of EtO generally and also of that being omitted from the work of the Erie Facility.

63.     At all relevant times, each Defendant knew or should have known the foreseeability of harm to others, like Plaintiffs, if they emitted substantial amounts of EtO into the air via direct emissions and fugitive emissions.

64.     Defendants breached their duty in one or more of the following ways:

a.  Emitting EtO into the air from the Erie Facility;

b.  Emitting excessive, unnecessary, and/or dangerous volumes of EtO into the air from the Erie Facility;

c.  Using EtO as part of its sterilization process when safer alternatives could accomplish the same or similar business purpose without presenting the same level of risk to human health and well-being;

d.  Disregarding safe methods to adequately control EtO emissions from the Erie Facility;

e.  Failing to report fugitive emissions of EtO;

f.  Placing its own economic interest above the health and well-being of those who live or work in the community near the Erie Facility;

g.  Failing to warn or advise Plaintiffs, as well as those who live or work in the community near the Erie Facility, that they are being exposed to EtO;

h.  Failing to warn or advise Plaintiffs, as well as those who live or work in the community near the Erie Facility, that they were breathing in EtO;

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

i.  Failing to warn or advise Plaintiffs, as well as those who live or work in the community near the Erie Facility, that it was emitting a known carcinogen into the air from its Facility in Erie, Pennsylvania;

j.  Failing to employ safe methods to adequately control, reduce, minimize, and/or mitigate EtO emissions from the Erie Facility;

k.  Failing to adequately study and test the effect of its EtO emission from the Erie Facility on the quality of air;

l.  Misleading government entities as to the nature and extent of EtO emissions from the Erie Facility;

m.  Concealing from the public the nature and extent of EtO emissions from the Erie Facility;

n.  Failing to adequately study and test the effect of its EtO emissions from the Erie Facility on the health and well-being of those who live and work in the nearby community; and,

o.  Subjecting Plaintiffs and those who live and work near the Erie Facility to an elevated cancer risk.

65.  At all relevant times, the STERLIZATION DEFENDANTS were additionally negligent in the hiring, training, supervision, and retention of their various employees and agents who participated in the activities of the Erie Facility.

66.  Upon information and belief, at all relevant times, the actions taken by STERILIZATION DEFENDANTS were undertaken by employees and/or agents of the STERILIZATION DEFENDANTS, including but not limited to the FACILITY MANAGERS.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

67.    Upon information and belief, at all relevant times, the FACILITY MANAGERS and other employees/agents were acting within the course and scope of their employment and/or agency with the STERILIZATION DEFENDANTS.

68.    Upon information and belief, at all relevant times, the FACILITY MANAGERS and other employees/agents were acting in furtherance of the interests of the STERILIZATION DEFENDANTS.

69.    The STERILIZATION DEFENDANTS are therefore liable under the doctrines of *respondeat superior*, vicarious liability and/or statutory employer liability for the tortious acts and/or omissions of their employees and/or agents.

70.    At all relevant times, Defendants owed a duty to refrain from willful and wanton misconduct and/or conduct which exhibited an indifference and/or conscious disregard to the health, safety, and well-being of Plaintiffs and those living and working in the area surrounding the Erie Facility. Notwithstanding their duties, Defendants have been grossly negligent and have breached their duties in one or more of the following ways:

a.    Emitting or allowing the emission of dangerous volumes of EtO into the air from the Erie Facility;

b.    Disregarding safe methods to adequately control EtO emissions from the Erie Facility;

c.    Failing to install, maintain and/or operate adequate control or treatment equipment of EtO emission from the Erie Facility or require same be done or implemented;

d.    Failing to warn or advise those who live, work, or attend school in the community that they were being exposed to EtO;

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

e.    Failing to reasonably test for and/or adequately record test results of high levels of EtO in Plaintiff's environment;

f.    Ignoring or not acting upon test results showing high levels of EtO;

g.    Underreporting EtO levels; and,

h.    Subjecting those who live and work near its facilities to elevated cancer risks.

71.    At all relevant times, Defendants were motivated by financial profit to intentionally, recklessly, maliciously, fraudulently, willfully, and wantonly expose Plaintiff to EtO by failing to take proper precautions to prevent the emission of unsafe levels of EtO from these facilities.

72.    As a proximate result of Defendants' grossly negligent use and emission of EtO, Plaintiff BECKY KASS has breathed in air contaminated with elevated levels of EtO—amounts that are far higher and more hazardous than acceptable standards, including those set by the U.S. EPA, and Plaintiff BECKY KASS was diagnosed with and is suffering from Breast Cancer.

73.    The conduct of each Defendant at all relevant times as set forth hereinabove showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of a conscious indifference to consequences. Therefore, Plaintiffs BECKY KASS and ARIK QUAM demand damages against all Defendants, including punitive damages, in an amount in excess of the prevailing jurisdictional limits, exclusive of pre-judgment interest, delay damages and costs on all counts to punish and deter each Defendant from further engaging in such unlawful conduct.

74.    Defendants' negligent, grossly negligent, willful, wanton and reckless conduct,  at all relevant times as described herein, was the proximate cause of Plaintiff BECKY KASS' illness and injuries, as a result of which Plaintiff BECKY KASS has suffered general and special damages in the form of medical expenses, physical disability, mental and physical pain and suffering,

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

extreme emotional distress, and punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts to punish and deter each Defendant from further engaging in such unlawful conduct, and other damages as can be proven at a trial of this action.

75.     Plaintiffs are entitled to recover damages against each Defendant for their individual and collective acts of negligence in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### (Private Nuisance)

76.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-75 of this Complaint with the same force and effect as if fully set forth herein.

77.     At all relevant times, Defendants knew or should have known EtO to be hazardous and harmful to humans.

78.     At all relevant times, Defendants intentionally allowed high levels of EtO to reach Plaintiff's property.

79.     At all relevant times, Defendants unreasonably caused, allowed, or otherwise repeatedly permitted high levels of EtO to leave the Erie Facility and enter the surrounding residential properties, including that of Plaintiff.

80.     At all relevant times, Defendants knew or should have known that the levels of EtO gas emitted from the Erie Facility would have a toxic, poisonous, and deleterious effect upon the health, safety, and wellbeing of people living and working in the community.

81.     Defendants knew or should have known that the levels of EtO gas emitting from the Erie Facility would have a toxic, poisonous, and deleterious effect upon the health, safety, and wellbeing of persons breathing it on a regular basis.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

82.     Defendants' operation, maintenance, and use of the Erie Facility at all relevant times, and specifically the hazardous use of EtO, caused those who lived and worked in the area surrounding the Erie Facility to breathe air containing high levels of EtO on a routine and constant basis , causing a substantially elevated risk of cancer.

83.      As a proximate result of the Defendants' operation, maintenance, and use of the Erie Facility at all relevant times, and specifically the hazardous use of EtO, Plaintiff BECKY KASS' right to breathe clean air without dangerous levels of carcinogens such as EtO was eliminated and/or severely diminished.

84.     As a proximate result of Defendants' use and emission of EtO at all relevant times, Plaintiff BECKY KASS was exposed to, and inhaled, a substantial, significant, meaningful, and more than *de mininis* amount of EtO.

85.     As a proximate result of Defendants' use and emission of EtO at all relevant times, Plaintiff BECKY KASS sustained severe and permanent damage to his health.

86.     As a proximate result of Plaintiff BECKY KASS' inhalation of EtO from the Erie Facility at all relevant times, resulting from Defendants' and their employees/agents' tortious, willful, wanton, and reckless conduct, Plaintiff BECKY KASS has suffered general and special damages in the form of medical expenses, physical disability, mental and physical pain and suffering, discomfort, anxiety, annoyance, extreme emotional distress, and punitive damages in an amount in excess of the prevailing jurisdictional limits, exclusive of pre-judgment interest, delay damages and costs on all counts to punish and deter each Defendant from further engaging in such unlawful conduct, and other damages as can be proven at a trial of this action.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### THIRD CAUSE OF ACTION
### (Public Nuisance Pursuant to 11 Pa. C.S. § 127A01)

87.     Plaintiffs repeat, reallege and reaffirm each and every allegation set forth in ¶¶ 1-86 of this Complaint with the same force and effect as if fully set forth herein.

88.     The Defendants have known for decades that EtO is toxic to humans.

89.     At all times relevant, the Defendants' use and emissions of EtO constituted an unreasonable interference with the public's right to breathe clean air—least of all where communities reside, work, and raise their children.

90.     The conduct of Defendants, by means of their use and emissions of EtO, involved a significant interference with the public health and public safety as said Defendants' conduct placed those individuals who inhaled the toxic air at all relevant times at a significantly increased risk of developing blood cancers, breast cancer, and other cancers, as well as other diseases and defects.

91.     The conduct of Defendants, in their use and emissions of EtO, continued throughout all relevant times because Defendants continued to emit EtO despite knowing the risks produced by their operations.

92.     At all relevant times, Defendants operated the Facility such that their use and emissions caused residents of the area, such as Plaintiff, to breathe in a toxic, carcinogenic, and mutagenic gas on a near-constant basis, causing a substantially increased and elevated risk of developing cancer.

93.     Plaintiff BECKY KASS did, indeed, contract a cancer associated with exposure to EtO.

94.     As a direct and proximate result of the Defendants' improper, negligent, wrongful, and grossly negligent use and emissions of EtO from Defendants' Facility, Plaintiff BECKY

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

KASS and the general public's right to breathe clean air without dangerous levels of carcinogens such as EtO was eliminated and/or severely diminished.

95.    As a direct and proximate result of the Defendants' improper, negligent, wrongful, and grossly negligent use and emissions of EtO from Defendants' Facility, Plaintiff BECKY KASS was exposed to EtO through regular and continuous inhalation throughout the relevant time.

96.    As a direct and proximate result of the Defendants' improper, negligent, wrongful, and grossly negligent use and emissions of EtO from Defendants' Facility, Plaintiff BECKY KASS developed Breast Cancer.

97.    At all relevant times, Defendants' and their employees/agents' negligent, grossly negligent, willful, wanton and reckless conduct, as described herein, was the proximate cause of Plaintiff BECKY KASS' illness and injuries, as a result of which Plaintiff BECKY KASS has suffered general and special damages in the form of medical expenses, physical disability, mental and physical pain and suffering, discomfort, anxiety, and annoyance, extreme emotional distress, and punitive damages, in an amount in excess of the prevailing jurisdictional limits, exclusive of pre-judgment interest, delay damages and costs on all counts to punish and deter each Defendant from further engaging in such unlawful conduct, and other damages as can be proven at a trial of this action.

## FOURTH CAUSE OF ACTION
### (Ultrahazardous Activity/Strict Liability)

98.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-97 of this Complaint with the same force and effect as if fully set forth herein.

99.    At all relevant times, Defendants' use and emission of EtO from the Erie Facility constituted an ultrahazardous activity.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

100.    At all relevant times, Defendants' use and emission of EtO created a high degree of risk to those who lived and worked in the surrounding area. Further, the likelihood of cancer caused by Defendants' use and emission of EtO is significantly higher than the level of acceptable risk.

101.    At all relevant times, Defendants' use and emission of EtO was especially inappropriate given the densely populated residential and commercial area in which the Erie Facility is located.

102.    The activities, as conducted by each and every Defendant, were exceedingly dangerous and offered little to no value to the surrounding community.

103.    Because Defendants' activities, specifically the use of EtO, were ultrahazardous, they are strictly liable for any injuries proximately resulting therefrom.

104.    As a proximate result of Defendants' ultrahazardous activities, Plaintiff BECKY KASS was exposed to and inhaled carcinogenic amounts of EtO.

105.    At all relevant times, Defendants' and their employees/agents' negligent, grossly negligent, willful, wanton and reckless conduct, as described herein, was the proximate cause of Plaintiff BECKY KASS' illness and injuries, as a result of which Plaintiff BECKY KASS has suffered general and special damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and punitive damages, in an amount in excess of the prevailing jurisdictional limits, exclusive of pre-judgment interest, delay damages and costs on all counts to punish and deter each Defendant from further engaging in such unlawful conduct, and other damages as can be proven at a trial of this action.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## FIFTH CAUSE OF ACTION
### (Aiding and Abetting Tortious Conduct – As to LANDLORD DEFENDANTS Only)

106.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-105 of this Complaint with the same force and effect as if fully set forth herein.

107.    At all relevant times, LANDLORD DEFENDANTS owned and rented to the STERLIZATION DEFENDANTS the property upon which the Erie Facility is located and the building in which the Erie Facility was operated.

108.    At all relevant times, LANDLORD DEFENDANTS assisted the STERILIZATION DEFENDANTS in their operations through, at the very least, the maintenance of the building and property. LANDLORD DEFENDANTS knew the STERILIZATION DEFENDANTS' operations would emit EtO into the atmosphere.

109.    At all relevant times, LANDLORD DEFENDANTS assisted the STERILIZATION DEFENDANTS, LANDLORD DEFENDANTS knew or should have known that EtO is carcinogenic to humans.

110.    Without assistance from LANDLORD DEFENDANTS, the STERILIZATION DEFENDANTS would not have been able to operate the Erie Facility or been able to emit EtO into the area surrounding the Erie Facility.

111.    At all relevant times, as a proximate result of LANDLORD DEFENDANTS/ assistance, the STERILIZATION DEFENDANTS negligently breached their duty and failed to exercise ordinary care for the health and well-being of Plaintiff BECKY KASS.

112.    LANDLORD DEFENDANTS knowingly assisted, aided, and abetted the STERILIZATION DEFENDANTS in their negligence against Plaintiff, and are liable to Plaintiffs, along with the other Defendants, for causing or contributing to Plaintiff BECKY KASS' illness and injuries.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

113.    At all relevant times, Defendants' and their employees/agents' negligent, grossly negligent, willful, wanton and reckless conduct, as described herein, was the proximate cause of Plaintiff BECKY KASS' illness and injuries, as a result of which Plaintiff BECKY KASS has suffered general and special damages in the form of medical expenses, physical disability, mental and physical pain and suffering, discomfort, anxiety, and annoyance, extreme emotional distress, and punitive damages, in an amount in excess of the prevailing jurisdictional limits, exclusive of pre-judgment interest, delay damages and costs on all counts to punish and deter each Defendant from further engaging in such unlawful conduct, and other damages as can be proven at a trial of this action.

**SIXTH CAUSE OF ACTION**
**(Loss of Consortium)**

114.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-113 of this Complaint with the same force and effect as if fully set forth herein.

115.    Plaintiff ARIK QUAM is the spouse of Plaintiff BECKY KASS.

116.    As a proximate result of the wrongful and tortuous acts of Defendants at all relevant times, Plaintiff ARIK QUAM has suffered the loss of affection, society, comfort, support, consortium, and companionship of his wife, Plaintiff BECKY KASS.

117.    At all relevant times, Defendants' wrongful conduct as alleged above was the proximate cause of the damages suffered by Plaintiff BECKY KASS and has caused Plaintiff ARIK QUAM to incur damages in an amount to be proven at trial equal to the loss of affection, society, comfort, support, consortium and companionship of his wife.

**WHEREFORE, Plaintiffs pray**:

a.    That process issue according to law;

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

b.  That each Defendant be served with a copy of Plaintiffs' Complaint and show cause why the prayers for relief requested by Plaintiffs herein should not be granted;

c.  That Plaintiffs be granted a trial by jury in this matter;

d.  That the Court enter a judgment against each Defendant for all general and compensatory damages allowable to Plaintiffs;

e.  That the Court enter a judgment against each Defendant for all special damages allowable to Plaintiffs;

f.  That the Court enter a judgment against each Defendant serving to award Plaintiffs punitive damages as provided by law;

g.  That the Court enter a judgment against each Defendant for all other relief sought by Plaintiffs under this Complaint;

h.  That the costs of this action be cast upon Defendants; and,

i.  That the Court grant Plaintiffs such further relief which the Court deems just and appropriate.

Respectfully submitted this 8th day of May, 2025.

*Christopher J. Sinnott*
Christopher J. Sinnott
Pa. Id. No. 69402
MARNEN MIODUSZEWSKI
BORDONARO
WAGNER & SINNOTT, LLC
516 West Tenth Street
Erie, PA  16502-1352
Telephone: (814) 874-3460
Fax: (814) 874-3476
Email: csinnott@mmbwslaw.com

And

  /s/ Eric J. Hertz
Eric J. Hertz

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Lillian Leibu
**ERIC J. HERTZ,  P.C.**
*To be Admitted Pro Hac Vice*
8300 Dunwoody Place
Suite 210
Atlanta, GA 30350
(404) 577-8111
hertz@hertz-law.com
lilly@hertz-law.com

And


__*/s/ Sharon J. Zinns*_____
Sharon J. Zinns
*To be Admitted Pro Hac Vice*
**ZINNS LAW, LLC**
4243 Dunwoody Club Drive, Suite 104
Atlanta, Georgia 30350
(404) 882-9002
sharon@zinnslaw.com

*Attorneys for Plaintiff*

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY

| | |
|---|---|
| BECKY KASS and<br>ARIK QUAM,<br><br>    Plaintiffs,<br><br>vs.<br><br>MOOG INC. f/k/a MMC STERILIZATION<br>SERVICES GROUP, INC. f/k/a MEDICAL<br>MANUFACTURING CORP;<br>IUVO BIOSCIENCE-ERIE, LLC;<br>ERIE STERILIZATION REAL ESTATE, LLC;<br>TARTAN HOLDINGS, LLC;<br>PAUL NIEMET;<br>JEFFREY DICKSON;<br>MARY RICHARDSON; and<br>DEFENDANT JOHN DOES 1-5<br><br>    Defendants. | ) <br>) <br>) <br>) <br>) CASE NO.:<br>) <br>) JURY TRIAL DEMANDED<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

## **VERIFICATION**

The undersigned certifies that the facts contained in the foregoing document are true and correct to the best of his knowledge, information, and belief.  The undersigned makes this verification subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_____  _____

Becky Kass

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF
ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BECKY KASS and | ) | |
| ARIK QUAM, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| MOOG INC. f/k/a MMC STERILIZATION | ) | |
| SERVICES GROUP, INC. f/k/a MEDICAL | ) | |
| MANUFACTURING CORP; | ) | **JURY TRIAL OF 12 DEMANDED** |
| IUVO BIOSCIENCE-ERIE, LLC; | ) | |
| ERIE STERILIZATION REAL ESTATE, LLC; | ) | |
| TARTAN HOLDINGS, LLC; | ) | |
| PAUL NIEMET; | ) | |
| JEFFREY DICKSON; | ) | |
| MARY RICHARDSON;    and | ) | |
| DEFENDANT JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants | ) | |

## <u>NOTICE TO DEFEND</u>

TO:    MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC., f/k/a MEDICAL MANUFACTURING CORP

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. <u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER</u>.

<u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE</u>.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

LAWYER REFERRAL & INFORMATION SERVICE
P.O. BOX 1792
ERIE, PA.  16507
(814) 459-4411

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact the Court's ADA Coordinator at:

Erie County Court of Common Pleas
140 West Sixth Street, Room 205
Erie, PA 16501-1030
Phone-(814) 451-6308
TDD-(814) 451-6237
E-mail- courtadacoordinator@eriecountygov.org

Requests should be made as soon as possible or at least three business days prior to any hearing or business before the court.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF
ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BECKY KASS and | ) | |
| ARIK QUAM, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| MOOG INC. f/k/a MMC STERILIZATION | ) | |
| SERVICES GROUP, INC. f/k/a MEDICAL | ) | |
| MANUFACTURING CORP; | ) | **JURY TRIAL OF 12 DEMANDED** |
| IUVO BIOSCIENCE-ERIE, LLC; | ) | |
| ERIE STERILIZATION REAL ESTATE, LLC; | ) | |
| TARTAN HOLDINGS, LLC; | ) | |
| PAUL NIEMET; | ) | |
| JEFFREY DICKSON; | ) | |
| MARY RICHARDSON;    and | ) | |
| DEFENDANT JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE TO DEFEND

TO:    IUVO BIOSCIENCE-ERIE, LLC

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL & INFORMATION SERVICE
P.O. BOX 1792
ERIE, PA. 16507
(814) 459-4411

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>AMERICANS WITH DISABILITIES ACT OF 1990</u>

The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact the Court's ADA Coordinator at:

Erie County Court of Common Pleas
140 West Sixth Street, Room 205
Erie, PA 16501-1030
Phone-(814) 451-6308
TDD-(814) 451-6237
E-mail- courtadacoordinator@eriecountygov.org

Requests should be made as soon as possible or at least three business days prior to any hearing or business before the court.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF
ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BECKY KASS and<br>ARIK QUAM, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| MOOG INC. f/k/a MMC STERILIZATION | ) | |
| SERVICES GROUP, INC. f/k/a MEDICAL | ) | |
| MANUFACTURING CORP; | ) | **JURY TRIAL OF 12 DEMANDED** |
| IUVO BIOSCIENCE-ERIE, LLC; | ) | |
| ERIE STERILIZATION REAL ESTATE, LLC; | ) | |
| TARTAN HOLDINGS, LLC; | ) | |
| PAUL NIEMET; | ) | |
| JEFFREY DICKSON; | ) | |
| MARY RICHARDSON;    and | ) | |
| DEFENDANT JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants | ) | |

<u>**NOTICE TO DEFEND**</u>

TO:    ERIE STERILIZATION REAL ESTATE, LLC

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. <u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER</u>.

<u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>

LAWYER REFERRAL & INFORMATION SERVICE
P.O. BOX 1792
ERIE, PA. 16507
(814) 459-4411

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>AMERICANS WITH DISABILITIES ACT OF 1990</u>

The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact the Court's ADA Coordinator at:

Erie County Court of Common Pleas
140 West Sixth Street, Room 205
Erie, PA 16501-1030
Phone-(814) 451-6308
TDD-(814) 451-6237
E-mail- courtadacoordinator@eriecountygov.org

Requests should be made as soon as possible or at least three business days prior to any hearing or business before the court.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF
ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BECKY KASS and<br>ARIK QUAM, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| MOOG INC. f/k/a MMC STERILIZATION<br>SERVICES GROUP, INC. f/k/a MEDICAL<br>MANUFACTURING CORP;<br>IUVO BIOSCIENCE-ERIE, LLC;<br>ERIE STERILIZATION REAL ESTATE, LLC;<br>TARTAN HOLDINGS, LLC;<br>PAUL NIEMET;<br>JEFFREY DICKSON;<br>MARY RICHARDSON;    and<br>DEFENDANT JOHN DOES 1-5, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **JURY TRIAL OF 12 DEMANDED** |
| | ) | |
| Defendants | ) | |

## NOTICE TO DEFEND

TO:    TARTAN HOLDINGS, LLC

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL & INFORMATION SERVICE
P.O. BOX 1792
ERIE, PA.  16507
(814) 459-4411

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact the Court's ADA Coordinator at:

Erie County Court of Common Pleas
140 West Sixth Street, Room 205
Erie, PA 16501-1030
Phone-(814) 451-6308
TDD-(814) 451-6237
E-mail- courtadacoordinator@eriecountygov.org

Requests should be made as soon as possible or at least three business days prior to any hearing or business before the court.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF
ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BECKY KASS and | ) | |
| ARIK QUAM, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| MOOG INC. f/k/a MMC STERILIZATION | ) | |
| SERVICES GROUP, INC. f/k/a MEDICAL | ) | |
| MANUFACTURING CORP; | ) | **JURY TRIAL OF 12 DEMANDED** |
| IUVO BIOSCIENCE-ERIE, LLC; | ) | |
| ERIE STERILIZATION REAL ESTATE, LLC; | ) | |
| TARTAN HOLDINGS, LLC; | ) | |
| PAUL NIEMET; | ) | |
| JEFFREY DICKSON; | ) | |
| MARY RICHARDSON;      and | ) | |
| DEFENDANT JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE TO DEFEND

TO:    PAUL NIEMET

  You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL & INFORMATION SERVICE
P.O. BOX 1792
ERIE, PA.  16507
(814) 459-4411

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **AMERICANS WITH DISABILITIES ACT OF 1990**

The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact the Court's ADA Coordinator at:

Erie County Court of Common Pleas
140 West Sixth Street, Room 205
Erie, PA 16501-1030
Phone-(814) 451-6308
TDD-(814) 451-6237
E-mail- courtadacoordinator@eriecountygov.org

Requests should be made as soon as possible or at least three business days prior to any hearing or business before the court.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF
ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BECKY KASS and<br>ARIK QUAM, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| MOOG INC. f/k/a MMC STERILIZATION | ) | |
| SERVICES GROUP, INC. f/k/a MEDICAL | ) | |
| MANUFACTURING CORP; | ) | **JURY TRIAL OF 12 DEMANDED** |
| IUVO BIOSCIENCE-ERIE, LLC; | ) | |
| ERIE STERILIZATION REAL ESTATE, LLC; | ) | |
| TARTAN HOLDINGS, LLC; | ) | |
| PAUL NIEMET; | ) | |
| JEFFREY DICKSON; | ) | |
| MARY RICHARDSON;    and | ) | |
| DEFENDANT JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE TO DEFEND

TO:    JEFFREY DICKSON

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL & INFORMATION SERVICE
P.O. BOX 1792
ERIE, PA.  16507
(814) 459-4411

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>AMERICANS WITH DISABILITIES ACT OF 1990</u>

The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact the Court's ADA Coordinator at:

Erie County Court of Common Pleas

140 West Sixth Street, Room 205

Erie, PA 16501-1030

Phone-(814) 451-6308

TDD-(814) 451-6237

E-mail- courtadacoordinator@eriecountygov.org

Requests should be made as soon as possible or at least three business days prior to any hearing or business before the court.

IN THE COURT OF COMMON PLEAS OF
ERIE COUNTY, PENNSYLVANIA

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| BECKY KASS and | ) |
| ARIK QUAM, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | )    Civil Action No. |
| | ) |
| MOOG INC. f/k/a MMC STERILIZATION | ) |
| SERVICES GROUP, INC. f/k/a MEDICAL | ) |
| MANUFACTURING CORP; | )    **JURY TRIAL OF 12 DEMANDED** |
| IUVO BIOSCIENCE-ERIE, LLC; | ) |
| ERIE STERILIZATION REAL ESTATE, LLC; | ) |
| TARTAN HOLDINGS, LLC; | ) |
| PAUL NIEMET; | ) |
| JEFFREY DICKSON; | ) |
| MARY RICHARDSON;    and | ) |
| DEFENDANT JOHN DOES 1-5, | ) |
| | ) |
| Defendants | ) |

## NOTICE TO DEFEND

TO:   MARY RICHARDSON

     You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

     IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL & INFORMATION SERVICE
P.O. BOX 1792
ERIE, PA.  16507
(814) 459-4411

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact the Court's ADA Coordinator at:

Erie County Court of Common Pleas

140 West Sixth Street, Room 205

Erie, PA 16501-1030

Phone-(814) 451-6308

TDD-(814) 451-6237

E-mail- courtadacoordinator@eriecountygov.org

Requests should be made as soon as possible or at least three business days prior to any hearing or business before the court.

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF
ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BECKY KASS and | ) | |
| ARIK QUAM, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| MOOG INC. f/k/a MMC STERILIZATION | ) | |
| SERVICES GROUP, INC. f/k/a MEDICAL | ) | |
| MANUFACTURING CORP; | ) | **JURY TRIAL OF 12 DEMANDED** |
| IUVO BIOSCIENCE-ERIE, LLC; | ) | |
| ERIE STERILIZATION REAL ESTATE, LLC; | ) | |
| TARTAN HOLDINGS, LLC; | ) | |
| PAUL NIEMET; | ) | |
| JEFFREY DICKSON; | ) | |
| MARY RICHARDSON;    and | ) | |
| DEFENDANT JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants | ) | |

**NOTICE TO DEFEND**

TO:    DEFENDANT JOHN DOES 1-5

        You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

        YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

        IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL & INFORMATION SERVICE
P.O. BOX 1792
ERIE, PA.  16507
(814) 459-4411

Case# 2025-11393-0 Received at Erie County Prothonotary on 05/08/2025 2:54 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **AMERICANS WITH DISABILITIES ACT OF 1990**

The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact the Court's ADA Coordinator at:

Erie County Court of Common Pleas
140 West Sixth Street, Room 205
Erie, PA 16501-1030
Phone-(814) 451-6308
TDD-(814) 451-6237
E-mail- courtadacoordinator@eriecountygov.org

Requests should be made as soon as possible or at least three business days prior to any hearing or business before the court.